Taliaferro, J.
In a suit pending in the Fifth District Court by which one partner sued the other for a dissolution of the partnership and for settlement and liquidation of the partnership affairs, it seems that both the partners prayed the court to appoint a liquidator and each prayed for the appointment of himself. The judge appointed a third party. From this interlocutory order, Allen, one of the partners, appealed. When the case was called for trial on its merits, Allen objected to its being tried pending the suspensive appeal from the order appointing a liquidator. The court sustained the objection, and the case was continued.
The other party, Wood, the relator in this case, complains of the action of the judge a quo as being a denial of justice, and prays this *703 court to issue a writ of mandamus ordering the judge of the Fifth District Court to have the said cause set for trial with preference and to proceed with the trial of the same with the least possible delay.
The judge in answer to the rule nisi says : If his appointment of a liquidator was correctly made, the report of the liquidator would become indispensably necessary as a basis for his judgment. If his appointment of a liquidator should be' annulled on appeal he would be compelled from the intricate character of the accounts of the parties to refer them to an auditor; that the final decision of the cause by this court could not have been accelerated by hearing it at the time referred to by the relator.
We do not concur with the judge a quo, but think the case should have been proceeded with. Let the rule be made absolute.